# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RICARDO GODINEZ-HARO, <br><br> Defendant. | Case No. 04-cr-865-BAS-2 <br><br> **ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)** <br><br> **[ECF No. 201]** |

Presently before the Court is Defendant Ricardo Godinez-Haro's motion for a sentence reduction under Amendment 782 and Amendment 788 to the United States Sentencing Guidelines. (ECF No. 201.) Amendment 782 revised the Drug Quantity Table in Guidelines § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses, while Amendment 788 made Amendment 782 retroactive to previously sentenced defendants. For the following reasons, the Court denies Defendant's motion.

//
//

# I. ANALYSIS

In general, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. *Dillon v. United States*, 560 U.S. 817, 821 (2010); *United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009). However, Congress created a limited exception to this rule in 18 U.S.C. § 3582(c), authorizing district courts to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). In such circumstances, a two-step analysis applies. *Dillon*, 560 U.S. at 827. First, the court must determine "the amended guideline range that would have been applicable to the defendant if the relevant amendment had been in effect at the time of the initial sentencing." *Id.* If the defendant is eligible for a sentence modification, the court must next consider any applicable factors under 18 U.S.C. § 3553 to determine whether a modification is warranted. *Id.* But the court must "leave all other guideline application decisions unaffected" and ensure that reductions are "consistent with applicable policy statements issued by the Sentencing Commission." *See generally* U.S.S.G. § 1B1.10.

Following a three-day jury trial, Defendant was found guilty on two counts for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 and conspiracy to possess and distribute listed chemicals in violation of 21 U.S.C. §§ 841(c)(2) and 846. (ECF No. 115.) Following the jury's verdict, the Court determined a base offense level of 38, adjusted upward 2 levels for obstruction of justice, and adjusted downward for safety valve, resulting in a total adjusted offense level of 38. (Sentencing Tr. 14:18-16:19.) Because Defendant was in Criminal History Category I, the resulting guideline range was 235 to 293 months. (*Id.*) Despite the calculated guideline range, the Court varied downward from the Guideline and sentenced Defendant to 120 months custody as to each count to run concurrently. (*Id.*)

As Defendant correctly explains, under the post-Amendment 782 Guidelines, Defendant's base offense level is lowered from 38 to 36, which is the same reduction to the total adjusted offense level. (*See* Def.'s Mot. Ex. A.) Applying the same criminal history category, Defendant's amended guideline range is 188-235 months. Therefore, Defendant's original 120-month sentence is lower than the bottom of the amended guideline range. Because "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," Defendant is not eligible for a further reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A). Moreover, even if this new guideline range had been the applicable range at the time of sentencing, considering all 18 U.S.C. § 3553(a) factors, the Court still would have sentenced Defendant to 120 months custody as to each count to run concurrently.

## II.     CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 201.)

**IT IS SO ORDERED.**

DATED: April 11, 2017

Hon. Cynthia Bashant
United States District Judge